[Cite as *In re Application of Columbus S. Power Co.,* 129 Ohio St.3d 568, 2011-Ohio-4129.]

IN RE APPLICATION OF COLUMBUS SOUTHERN POWER COMPANY ET AL. TO
ADJUST THEIR ECONOMIC DEVELOPMENT COST RECOVERY RIDER;
INDUSTRIAL ENERGY USERS–OHIO, APPELLANT; PUBLIC UTILITIES
COMMISSION ET AL., APPELLEES.
[Cite as *In re Application of Columbus S. Power Co.,*
129 Ohio St.3d 568, 2011-Ohio-4129.]

*Public utilities—Electricity rates—Recovery of losses from discounts—Carrying
charges.*

(No. 2010-1073—Submitted June 8, 2011—Decided August 24, 2011.)

APPEAL from the from the Public Utilities Commission, No. 10-154-EL-RDR.

————————————

**MCGEE BROWN, J.**

{¶ 1} In the case below, the Public Utilities Commission allowed the American Electric Power operating companies ("AEP") to recover certain costs arising from a pair of discounted-rate arrangements. Industrial Energy Users–Ohio ("IEU") opposed AEP's application and now appeals. IEU fails to demonstrate reversible error, however, and we affirm.

## I. Factual and Procedural Background

{¶ 2} As previously ordered by the commission, AEP had been providing service to a pair of manufacturing customers at discounted rates.[1] "[T]he difference between what AEP would have collected from [these customers] under its tariffs and what it actually collected, given the discount," is called "delta revenue." *In re Application of Columbus S. Power Co.*, 129 Ohio St.3d 271, 2011-Ohio-2638, 951 N.E.2d 751, ¶ 3. AEP had been keeping track of

---

1. We reviewed the commission's approval of these arrangements in *In re Application of Ormet Primary Aluminum Corp.,* 129 Ohio St.3d 9, 2011-Ohio-2377, 949 N.E.2d 991.

this delta revenue and intending to collect it through a rate mechanism called "the economic development cost recovery rider." We will simply call it "the rider."

{¶ 3} In the case below, AEP filed an application seeking permission to collect its delta revenue through the rider. This was actually the second time that AEP had filed such an application; its first request had been granted only a month earlier. These quickly successive applications reflected the requirement that AEP "update[ ] and reconcile[ ]" the rider every six months. Ohio Adm.Code 4901:1-38-08(A)(5).

{¶ 4} IEU opposed both requests, raising the same objections each time. In the first proceeding, the commission rejected IEU's arguments. IEU appealed that decision to this court, and the case was briefed; we never ruled on the dispute, however, because IEU dismissed its appeal before oral argument.

{¶ 5} In the second proceeding (which is the case now on review), the commission again rejected IEU's arguments, this time on the basis that it had already ruled against IEU in the first proceeding. IEU again appealed. It did not dismiss this appeal, but did choose to submit the case on the briefs, without oral argument. AEP has intervened as an appellee.

## II. Discussion

{¶ 6} IEU initially raised four propositions of law but has since dismissed the first two. For reasons discussed below, the remaining propositions lack merit.

### A. IEU Has Not Shown that the Commission Erred in
### Modifying the Phase-in of AEP's Rates

{¶ 7} In its third proposition of law, IEU argues that the order unlawfully exempted the rider from the maximum increases permitted in AEP's electric-security-plan case. IEU is referring to the commission's decision in an earlier case to limit how much AEP could annually increase its customers' bills; the commission acted under R.C. 4928.144, which permits the commission to

"authorize any just and reasonable phase-in" of certain electric rates. IEU attacks the decision to exempt the rider from the rate-increase limits on two grounds: procedurally, it asserts that the commission departed from precedent; substantively, it argues that the commission unreasonably increased rates. Neither argument is persuasive.

{¶ 8} As to the procedural argument, the order below did not violate the earlier, electric-security-plan order. It is true, as IEU argues, that the earlier order did not exempt the rider from the rate-increase limits. But the commission did not rule out further exemptions, and as a general rule, the commission has discretion to revisit earlier regulatory decisions and modify them prospectively. See, e.g., *Utility Serv. Partners, Inc. v. Pub. Util. Comm.*, 124 Ohio St.3d 284, 2009-Ohio-6764, 921 N.E.2d 1038, ¶ 18 ("Modifying a regulatory scheme is not problematic in itself. Agencies undoubtedly may change course, provided that the new regulatory course is permissible"); *In re Application of Columbus S. Power Co.*, 128 Ohio St.3d 512, 2011-Ohio-1788, 947 N.E.2d 655, ¶ 52. IEU does not explain why the general rule should not apply here. We fail to see any procedural error.

{¶ 9} That leads to IEU's substantive argument, namely, that the commission erred by allowing current rates to become too high. This argument also lacks merit.

{¶ 10} The decision that IEU attacks is a discretionary one. As noted, the commission's power to limit annual rate increases, and thus phase-in AEP's rates, comes from R.C. 4928.144. That law allows the commission to "authorize any just and reasonable phase-in" of electric-security-plan rates "*as the commission considers necessary* to ensure rate or price stability for consumers." (Emphasis added.) While the end product must be "just and reasonable," the emphasized language entrusts the details of any phase-in—how much should be collected now, how much later—to the commission's discretion.

**{¶ 11}** Discretionary decisions receive deferential review, *Ohio Consumers' Counsel v. Pub. Util. Comm.*, 117 Ohio St.3d 289, 2008-Ohio-860, 883 N.E.2d 1025, ¶ 10, and IEU has not shown an abuse of discretion. Its complaint concerns a pure matter of timing—should customers pay the rider now or later? If later, the law requires that carrying charges (a kind of financing charge) be added to the deferred rates. R.C. 4928.144. IEU points to no legislative command that addresses the specifics of such a timing question, and the absence of statutory criteria leaves us ill-equipped to second-guess the commission's discretionary determinations. IEU's sense that current rates are high enough and its preference to pay the rider (plus carrying charges) later are not enough to upset the order.

**{¶ 12}** For the foregoing reasons, we reject IEU's third proposition of law.

*B. IEU Has Not Shown that the Commission Erred in*

*Calculating AEP's Carrying Charges*

**{¶ 13}** In its fourth proposition of law, IEU argues that the commission erred in allowing AEP to use a long-term debt rate (as opposed to a short-term rate) to calculate certain carrying charges. Again, however, IEU has not demonstrated reversible error.

**{¶ 14}** IEU has preserved for appeal only a single argument concerning the calculation of AEP's carrying charges. In its application for rehearing, IEU alleged that the commission had "repeated[ly] fail[ed] to at least *inquire* as to whether a lower carrying cost rate could be utilized." (Emphasis added.) "Customers," IEU asserted, "deserve at least some analysis or other review" of the carrying-cost issue. IEU raised no other argument.

**{¶ 15}** So far as IEU's rehearing application explained, the commission would have fully satisfied IEU's concerns if it had "inquired" or provided "some analysis or other review" of the carrying-cost issue. But the commission did "inquire" and provide "some analysis" of that issue: it had reviewed that issue in

4

the *preceding* rider case.[2]  And in the order below, the commission explained that very fact in response to IEU's objection.  IEU did not reply with any additional challenges.  In short, IEU argued only that the commission needed to make an inquiry, and the commission pointed out where it had made that inquiry.  The commission fully answered IEU's concern.

{¶ 16} IEU's remaining argument—that the commission failed to explain the reasons for its decision—is forfeited.  We have jurisdiction only over arguments raised on rehearing.  *Ohio Consumers' Counsel v. Pub. Util. Comm.*, 114 Ohio St.3d 340, 2007-Ohio-4276, 872 N.E.2d 269, ¶ 40.  IEU did not argue on rehearing that the commission had failed to explain itself, so we cannot consider the alleged error.

{¶ 17} IEU's fourth proposition of law is rejected.

### III. Conclusion

{¶ 18} For the foregoing reasons, we affirm.

Order affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

McNees, Wallace & Nurick, L.L.C., Samuel C. Randazzo, and Joseph E. Oliker, for appellant.

Michael DeWine, Attorney General, and William L. Wright, Thomas W. McNamee, Thomas G. Lindgren, and Werner L. Margard III, Assistant Attorneys General, for appellee, Public Utilities Commission of Ohio.

Steven T. Nourse and Matthew J. Satterwhite, for intervening appellees, Columbus Southern Power Company and Ohio Power Company.

_____

2. That order is not before us, and we offer no opinion on its merits.